UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JERRY B. PUGH,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No. 4:10-CV-584-FRB
                                      )
NATIONAL PERSONNEL RECORD CENTER,     )
                                      )
            Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jerry B. Pugh for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action for injunctive relief pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The sole named defendant is the National Personnel Record Center. Plaintiff alleges that his complete military records and "all related documents" are improperly being withheld from him.

**Discussion**

The FOIA applies only to "agencies." 5 U.S.C. § 552(a). To be an "agency" under the FOIA, an entity must be an "establishment in the executive branch." 5 U.S.C. § 552(f)(1). The National Personnel Record Center is not an "agency" under this definition;

2

it is merely a repository of personnel-related records for both military and civil service.  As a result, the complaint will be dismissed, without prejudice, for failure to state a claim upon which relief can be granted as to the named defendant.  See 28 U.S.C. § 1915(e).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 3rd day of May, 2010.

UNITED STATES DISTRICT JUDGE